UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

| | |
|---|---|
| ALESHA FULLER<br><br>                Plaintiff,<br><br>vs.<br><br>SDH EDUCATION WEST, LLC<br><br>                Defendant. | **ANSWER TO MEMBER CASE COMPLAINT**<br><br>Case No. 3:15-CV-1154-TJM-DEP<br>(Lead Case) |
| ALESHA FULLER<br><br>                Plaintiff,<br><br>vs.<br><br>SDH EDUCATION WEST, LLC<br><br>                Defendant. | Case No. 3:16-CV-315-DNH-DEP<br>(Member Case) |

Defendant SDH Education West LLC, by and through its attorneys, Harris Beach PLLC, for its Answer to Plaintiff's Complaint, Case No. 3:16-CV-315, Docket No. 1 (the "Member Complaint"), responds as follows:

## JURISDICTION

1. With respect to the allegations contained in Paragraph "1" of Plaintiff's Member Complaint that set forth conclusions of law, no response is required. Defendant refers to the statute and authority cited therein for its true and correct content. Defendant otherwise denies each and every remaining allegation in that Paragraph.

## PARTIES

2. With respect to the allegations contained in Paragraph "2" of Plaintiff's Member Complaint, Defendant admits that the Plaintiff's name is Alesha Fuller and lacks knowledge or

information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's residence. Defendant otherwise denies each and every remaining allegation in that Paragraph.

3. With respect to the allegations contained in Paragraph "3" of Plaintiff's Member Complaint, Defendant admits that it maintains its headquarters at 9801 Washingtonian Boulevard, Gaithersburg, Maryland 20878.

4. With respect to the allegations contained in Paragraph "4" of Plaintiff's Member Complaint, Defendant refers to the statutes and authorities cited therein for their true and correct content, admits only that Plaintiff purports to bring an action pursuant to the statutes cited therein, and otherwise denies each and every remaining allegation in that Paragraph.

5. With respect to the allegations contained in Paragraph "5" of Plaintiff's Member Complaint that set forth conclusions of law, no response is required. Defendant refers to the statute and authority cited therein for its true and correct content. Defendant otherwise denies each and every remaining allegation in that Paragraph.

6. With respect to the allegations contained in Paragraph "6" of Plaintiff's Member Complaint that set forth conclusions of law, no response is required. Defendant otherwise denies each and every remaining allegation in that Paragraph.

7. With respect to the allegations contained in Paragraph "7" of Plaintiff's Member Complaint that set forth conclusions of law, no response is required. Defendant otherwise denies each and every remaining allegation in that Paragraph.

8. With respect to the allegations contained in Paragraph "8" of Plaintiff's Member Complaint that set forth conclusions of law, no response is required. Defendant refers to the statute and authority cited therein for its true and correct content. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's

residence and admits that it maintains its headquarters at 9801 Washingtonian Boulevard, Gaithersburg, Maryland 20878. Defendant otherwise denies each and every remaining allegation in that Paragraph.

9. With respect to the allegations contained in Paragraph "9" of Plaintiff's Member Complaint under the heading "First Cause of Action," Defendant admits that it terminated Plaintiff's employment on March 27, 2015 and otherwise denies each and every remaining allegation in that Paragraph.

10. With respect to the allegations contained in Paragraph "9" of Plaintiff's Member Complaint under the heading "Second Cause of Action" that set forth conclusions of law, no response is required. Defendant admits that Plaintiff attended a meeting with Pawel Nowacki and other employees of Defendant on March 9, 2015. Defendant otherwise denies each and every remaining allegation in that Paragraph.

11. With respect to the allegations contained in Paragraph "9" of Plaintiff's Member Complaint under the heading "Third Cause of Action" that set forth conclusions of law, no response is required. Defendant admits that Plaintiff received a disciplinary suspension on March 9, 2015 and was terminated on March 27, 2015. Defendant otherwise denies each and every remaining allegation in that Paragraph.

12. With respect to the allegations contained in Paragraph "10" of Plaintiff's Member Complaint, Defendant admits that Plaintiff filed two separate complaints of discrimination with the New York State Division of Human Rights on or about February 17, 2015 and June 30, 2015, which were assigned case numbers 10173395 and 10175827, respectively. Defendant admits that both complaints were dually filed with the United States Equal Employment Opportunity Commission

("EEOC") and were assigned charge numbers 16G-2015-01445 and 16G-2015-03134, respectively. Defendant otherwise denies each and every remaining allegation in that Paragraph.

13. With respect to the allegations contained in Paragraph "11" of Plaintiff's Member Complaint, Defendant admits that on or about September 17, 2015, the EEOC issued a Notice of Suit Rights as to charge number 16G-2015-01445, and that on or about February 16, 2016, the EEOC issued a Notice of Suit Rights as to charge number 16G-2015-03134. Defendant otherwise denies each and every remaining allegation in that Paragraph.

14. With respect to the allegations contained in Paragraph "12" of Plaintiff's Member Complaint that set forth conclusions of law, no response is required. Defendant refers to the statute and authority cited therein for its true and correct content. Defendant admits that it formerly employed Plaintiff and otherwise denies each and every remaining allegation in that Paragraph.

15. With respect to the allegations contained in Paragraph "13" of Plaintiff's Member Complaint that set forth conclusions of law, no response is required. Defendant refers to the statutes and authorities cited therein for their true and correct content. Defendant admits that it formerly employed Plaintiff and otherwise denies each and every remaining allegation in that Paragraph.

16. With respect to the allegations contained in Paragraph "14" of Plaintiff's Member Complaint that set forth conclusions of law, no response is required. Defendant refers to the statutes and authorities cited therein for their true and correct content.

17. With respect to the allegations contained in Paragraph "15" of Plaintiff's Member Complaint, Defendant admits that Plaintiff requests the relief cited therein and otherwise denies each and every remaining allegation in that Paragraph.

18. Defendant denies each and every remaining allegation contained in the Member Complaint that has not been specifically admitted, denied or otherwise controverted herein.

### FIRST AFFIRMATIVE DEFENSE

26. Plaintiff's Member Complaint, either in whole or part, fails to state a cause of action upon which the relief requested may be granted.

### SECOND AFFIRMATIVE DEFENSE

27. Upon information and belief, Plaintiff's claims are barred in whole or in part because she failed to mitigate damages, if any.

### THIRD AFFIRMATIVE DEFENSE

28. Plaintiff's claims are barred to the extent that she has failed to exhaust her administrative remedies and meet any other statutory prerequisites for filing the instant action under Title VII of the Civil Rights Act of 1964; this includes but is not limited to the time-barring of any applicable claims based on allegations occurring more than 300 days prior to the filing of Plaintiff's charge of discrimination with the New York State Division of Human Rights and/or EEOC.

### FOURTH AFFIRMATIVE DEFENSE

29. Plaintiff's claims are barred to the extent that she did not file the instant action within ninety days of her receipt of the EEOC's Notice of Suit Rights.

### FIFTH AFFIRMATIVE DEFENSE

30. Upon information and belief, Plaintiff's claims are barred by the doctrines of waiver, estoppel, and "unclean hands."

### SIXTH AFFIRMATIVE DEFENSE

31. Plaintiff's claims are barred, in whole or in part, as to any matters not contained in her administrative charge and for which she has failed to exhaust, and/or elected, administrative remedies.

**SEVENTH AFFIRMATIVE DEFENSE**

32. To the extent that Plaintiff seeks to advance any state-law claims, such claims are barred because she has already exhausted them through the New York State Division of Human Rights and/or EEOC and because the Court should decline to exercise supplemental jurisdiction over such claims.

**EIGHTH AFFIRMATIVE DEFENSE**

33. Defendant had legitimate, non-discriminatory reasons for each and every employment action taken with respect to Plaintiff unrelated to Plaintiff's race or any other protected category and/or participation in any alleged protected activity.

**NINTH AFFIRMATIVE DEFENSE**

34. Without admitting any wrongful conduct by Defendant or its employees, agents, or representatives, all employment actions taken with regard to the Plaintiff were not intentional, malicious, fraudulent, or in reckless disregard of her rights.

**TENTH AFFIRMATIVE DEFENSE**

35. Plaintiff's claims are barred to the extent that: (a) Defendant exercised reasonable care to prevent and correct promptly any harassing behavior, and (b) the Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the Defendant or to avoid harm otherwise.

**ELEVENTH AFFIRMATIVE DEFENSE**

36. Plaintiff cannot state a claim for retaliation because she has not engaged in protected activity, and she did not experience any adverse employment action for engaging in protected activity.

HARRIS BEACH PLLC
ATTORNEYS AT LAW

**TWELFTH AFFIRMATIVE DEFENSE**

37. To the extent Plaintiff seeks punitive damages, such claims are barred because Plaintiff has not set forth sufficient facts to support any claim under federal or state law for punitive damages and because such an award would violate the protection afforded to the Defendant under the New York and United States Constitutions.

**THIRTEENTH AFFIRMATIVE DEFENSE**

38. Plaintiff's claims for damages are barred to the extent that she seeks an award beyond the damages allowable by statute and/or regulation.

**FOURTEENTH AFFIRMATIVE DEFENSE**

39. The Plaintiff was not subjected to disparate treatment, as Defendant's practices and policies were applied consistently to all employees, regardless of race and/or any other category protected by any state and/or federal law or regulation.

**FIFTEENTH AFFIRMATIVE DEFENSE**

40. Plaintiff's claims are barred in whole or in part by the doctrines of collateral estoppel and/or res judicata.

**WHEREFORE**, Defendant demands judgment dismissing the Member Complaint in its entirety on the merits, together with costs, disbursements, and reasonable attorneys' fees incurred in defense of this action, and that Defendant has such other and further relief as this Court deems just and proper.

HARRIS BEACH PLLC
ATTORNEYS AT LAW

Dated:  May 17, 2016
        Pittsford, New York

                                        HARRIS BEACH PLLC


                                        s/Daniel J. Moore
                                        Daniel J. Moore – Bar Roll No. 507624
                                        Cristina A. Bahr – Bar Roll No. 515122
                                        *Attorneys for Defendant*
                                        99 Garnsey Road
                                        Pittsford, New York 14534
                                        Tel:    585-419-8800
                                        Fax:    585-419-8817
                                        Email:  dmoore@harrisbeach.com
                                                cbahr@harrisbeach.com


TO:         Christopher Berlingieri
            Berlingieri Law PLLC
            244 Fifth Avenue, Suite F276
            New York, NY 10001
            Phone: (347) 766-5185
            Fax: (914) 730-1044
            Email: nyctlawoffice@gmail.com

8

**CERTIFICATE OF SERVICE**

DANIEL J. MOORE, one of the attorneys for the defendant, SDH EDUCATION WEST, LLC, hereby certifies that on May 17, 2016 I electronically filed the foregoing ANSWER to MEMBER COMPLAINT with the clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

> Christopher Berlingieri
> Berlingieri Law PLLC
> 244 Fifth Avenue, Suite F276
> New York, NY 10001
> Phone: (347) 766-5185
> Fax: (914) 730-1044
> Email: nyctlawoffice@gmail.com

And I hereby certify that I have sent by regular mail the foregoing, by the United States Postal Service, to the following non-CM/ECF participants:

2. N/A

s/Daniel J. Moore<br>
DANIEL J. MOORE<br>
Bar Roll No. 507624

281153 2728348v1

HARRIS BEACH PLLC
ATTORNEYS AT LAW